This is a bill to set aside a conveyance as fraudulent and to impress upon the property a lien for moneys which complainant alleges he advanced in the course of the transaction.
The parties are foreigners, who on the witness-stand appeared to understand the English language only when they considered it to their interest to do so. At other times, in spite of the efforts of court, counsel and the interpreter, they seemed determined to understand nothing.
From the testimony as I have analyzed it the following facts appear: Complainant and defendant entered into a contract with one Stucky for the purchase of a property on Congress street, Newark. It is admitted that defendant paid a deposit of $500. The property was to cost $10,500. At the time of closing a mortgage was given the seller for $7,500. The balance of $2,500 was provided for by $1,500 in cash and a check for $1,000, which was given by one Mellino. He advanced *Page 36 
this money on the strength of a mortgage he had placed on his own property to one Richards. Later on it apparently became necessary to refinance the matter in order to pay off Stucky, and complainant conveyed his interest to the defendant. It is admitted that "complainant knew what he was doing."
Thereafter Mellino demanded the payment of the $1,000 he had loaned. Defendant could or would not pay it, and the property was conveyed to Mellino at an agreed price of $11,000. That is, he paid defendant $500 and took the property subject to mortgages totaling $10,500. Complainant says he advanced part of the original purchase price and that he did work on improving the building.
My opinion, on analyzing the somewhat incoherent and contradicting testimony, is that complainant advanced nothing, but promised so to do; that he failed to keep his promise and conveyed his interest in the property to his brother, the defendant, in order to free himself from all obligation in regard to it.
In regard to any fraudulent complicity of Mellino in the transaction, there is no proof of it whatever. It is not shown he knew anything of the alleged fraud of defendant on complainant. He merely wanted the money he advanced, and the only way he could get it, apparently, was to take over the property, assume the mortgages and pay the owner a small sum which would represent the equity. See Roe v. Moore, 35 N.J. Eq. 526.
I will advise a decree dismissing the bill. *Page 37